IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNARD De'WAYNE WITHERSPOON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-1763 |
| ) | |
| v. ) | Judge Cercone |
| ) | Magistrate Judge Caiazza |
| Warden JOHN R. WALTON, and ) | |
| Deputy Warden STEVEN CMAR, ) | |
| ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 9) be granted.

Jennard DeWayne Witherspoon ("Witherspoon" or "the Plaintiff") was a pre-trial detainee when he filed this civil rights action. Witherspoon claims that the Defendants violated his constitutional rights by "keep[ing] a bright nite [sic] light on in the prison population cells." Doc. 3 at ¶ IV.C.

The Defendants have submitted affidavits stating that the light actually is "a five watt bulb similar to what is used in a night light . . . [in] one's home." See, e.g., Aff. of J. Walton (Doc. 9-2) at 2.

Although the Defendants' arguments focus on the Eighth Amendment, see Doc. 11 at 5-6, Witherspoon's status as a pre-trial detainee warrants a due process analysis. See Bell v. Wolfish, 441 U.S. 520 (1979) (applying Fifth Amendment due process clause to federal pre-trial detainees) and Hubbard v.

Taylor, 399 F.3d 150 (3d Cir. 2005) (applying Bell standard to state pre-trial detainees under Fourteenth Amendment).

Under Bell, "the proper inquiry is whether [the challenged] conditions [of confinement] amount to punishment prior to an adjudication of guilt in accordance with law." Id. at 535 (citations omitted). Consistent with this standard, state officials may subject pre-trial detainees to "regulatory restraints," so long as there exists "a legitimate governmental purpose." Id. at 537-539.

Here, "the purpose of the [night] lights is to allow staff members to view inmates in their cells at all hours for security purposes," and "the presence of the light helps staff in observing the inmates for suicide prevention." Doc. 11 at 7; see also Doc. 9-2 at 1 (indicating same).

The Plaintiff has not responded to the Defendants' Motion, so he obviously has failed to rebut the Defendants' evidence of legitimate governmental purpose. In addition, courts have routinely upheld similar lighting procedures. See, e.g., O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987) ("continuous lighting in the holding cell was not unreasonable given the need for jail security and the need to monitor" inmates); Fillmore v. Ordonez, 829 F.Supp. 1544, 1568 (D. Kan. 1993) (holding same in connection with "[an] electronic surveillance system, with its around-the-clock beeping and soft

lighting"), *aff'd*, 17 F.3d 1436 (10${}^{th}$ Cir. 1994) (table), *abrogation on other grounds recognized by*, Williams v. Weber, 905 F. Supp. 1502 (D. Kan. 1995).

Because there is no issue of material fact, the Defendants' Motion for Summary Judgment should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 16, 2006. Responses to objections are due by November 27, 2006.

October 31, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

John K. Greiner, Esq. (via email)

Jennard Dewayne Witherspoon
816-05
2000 South Grande Blvd
Greensburg, PA  15601